HON. JOHN COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, )<br>)<br>    Plaintiff, )<br>  v. )<br>)<br>PORT OF EVERETT, )<br>)<br>    Defendant. )<br>_____ ) | No. 2:22-cv-00745-JCC<br><br>[~~PROPOSED~~] CONSENT DECREE |

## I.   STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") filed a complaint on May 31, 2022 against the Port of Everett ("Port") (Dkt. 1) alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of stormwater and other pollutants from the Port's marine terminal facility at 3500 Terminal Avenue, Everett, WA 98201, covered at the time of entry of the Consent Decree under NPDES permit no. WAR001207 (the "Facility"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Soundkeeper and the Port (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

[~~PROPOSED~~] CONSENT DECREE
No. 2:22-cv-00745-JCC
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Soundkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this __th day of ____, 2023

| STOEL RIVES LLP | SMITH & LOWNEY, PLLC |
|---|---|
| By _____ | By _____ |
| Veronica Keithley, WSBA #52784 | Marc Zemel, WSBA #44325 |
| Beth Ginsberg, WSBA #18523 | Alyssa Koepfgen, WSBA #46773 |
| *Attorneys for Defendant Port of Everett* | *Attorneys for Plaintiff Puget Soundkeeper Alliance* |
| | |
| PORT OF EVERETT | PUGET SOUNDKEEPER ALLIANCE |
| By _____ | By _____ |
| Lisa Lefeber | Sean Dixon |
| Chief Executive Officer | Executive Director |

## II.     ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.     This Court has jurisdiction over the Parties and subject matter of this action.

2.     Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3.     This Consent Decree applies to and binds the Parties and their successors and assigns.

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

120812826.2 0073013-00076

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by the Port of the Facility.

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. The Port's payment of attorney's fees and litigation costs set forth in paragraph 11 of the Consent Decree will be in full and complete satisfaction of any claims Soundkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Soundkeeper's exclusive remedy for any violation of its terms. During the term of the Consent Decree, Soundkeeper will not support, by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Soundkeeper's members or other groups or individuals that could be asserted under the terms of the Industrial Stormwater General Permit ("ISGP"), arising from operation of the Facility.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of the Port or its tenants, contractors, customers, or other third parties. The Port agrees to the terms and conditions identified below in paragraphs 7-11 in full and complete satisfaction of all the claims covered by this Consent Decree:

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

7. Upon entry of the consent decree, the Port will implement the following injunctive relief:

    a. The Port will adhere to the requirements of the Clean Water Act at the Facility and the terms and conditions of the ISGP and any successor or modified permits.

    b. For the life of the consent decree, the Port will, on a quarterly basis, electronically forward to Soundkeeper copies of all submissions and written communications to and/or from Ecology related to the Port's ISGP coverage for the Facility.

    c. The Port will immediately begin monitoring stormwater discharges from one designated scupper on Hewitt Wharf, which will be added as a designated monitoring point in the sampling plan in the Facility's Stormwater Pollution Prevention Plan ("SWPPP"). The Port will monitor the designated scupper per the terms of the ISGP for a period of at least one year. If no stormwater monitoring data from the scupper exceeds any applicable ISGP benchmark after one year, the Port may suspend monitoring at the scupper and remove the scupper as a designated monitoring point. If any exceedances of the applicable ISGP benchmarks occur at the scupper during the year, the Port will continue to monitor from the scupper under the ISGP for the life of the Consent Decree.

    d. The Port will immediately begin monitoring stormwater discharges from Outfall 002, which will be added as a designated monitoring point to the

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

sampling plan in the Facility's SWPPP.

e. The Port will immediately begin monitoring discharges to Outfall 006 at Monitoring Point #2 twice per calendar quarter for the benchmark parameters in ISGP Condition S5.A and quarterly for total suspended solids ("TSS"). The Port will use the highest recorded sample values in each calendar quarter from Monitoring Point #2 to determine if the Facility has exceeded any benchmark value in the corresponding calendar quarter. If the Port exceeds a benchmark value for any single parameter at Monitoring Point #2 for any three quarters during a calendar year, the Port will conduct a Level 3 Corrective Action process consistent with paragraph 7(g) of this Consent Decree.

f. The Port will immediately begin monitoring discharges to Outfall 007 from a representative catch basin monthly for the benchmark parameters in ISGP Condition S5.A and quarterly for TSS. The Port will use the highest recorded sample values in each calendar quarter from the representative catch basin to determine if the Facility has exceeded any benchmark value in the corresponding calendar quarter. If the Port exceeds a benchmark value for any single parameter for any three quarters during a calendar year, the Port will conduct a Level 3 Corrective Action process consistent with paragraph 7(g) of this Consent Decree.

g. For Outfalls 006 and 007, the Port will follow the ISGP requirements for implementing Level 3 Corrective Actions, using the highest recorded sample

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

values in each calendar quarter, without averaging the monitoring data. For any Level 3 Corrective Action, the Port will conduct an engineering analysis, documented in an engineering report, and install engineered stormwater treatment by the Level 3 Corrective Action deadline identified in the ISGP, subject to the Port's procurement process, as required by state law. In the event that the Port triggers the requirement in paragraph 7(e) or 7(f) to conduct a Level 3 Corrective Action, the Port agrees not to request any waiver from the Department of Ecology ("Ecology") and the Port will do the following:

   i. The Port will provide Soundkeeper with a copy of its engineering report for the engineered stormwater treatment at the same time it is submitted to Ecology. Soundkeeper may provide comments on the engineering report to the Port within forty-five (45) days of receipt of the report. Within thirty (30) days of receipt of Soundkeeper's comments, the Port must either adopt Soundkeeper's comments or respond in detail, in writing to each comment, explaining why any of Soundkeeper's comments were not adopted. In the event that the process identified in this paragraph is triggered, the Port will provide $5,000 for Soundkeeper to conduct this process with assistance of a consultant and counsel.

h. Before October 31, 2024, the Port will install bioretention cells in the Facility's two Biofiltration Swales, enhance the Biofiltration Swales with

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

bioretention soil media, plug Outfall 003 and pump all stormwater previously discharged from Outfall 003 to the south Biofiltration Swale, and operate and maintain the cells and swales according to an Operation and Maintenance (O&M) manual submitted to Ecology.

    i.    The Port will provide Soundkeeper with a copy of its engineering report for the bioretention cells and swale enhancements by November 15, 2023. Soundkeeper may provide comments on the engineering report to the Port within forty-five (45) days of receipt of the report. Within thirty (30) days of receipt of Soundkeeper's comments, the Port must either adopt Soundkeeper's comments or respond in detail, in writing to each comment, explaining why any of Soundkeeper's comments were not adopted. The Port will provide $5,000 for Soundkeeper to conduct this process with assistance of a consultant and counsel.

i.    Within sixty (60) days of entry of the consent decree, the Port will install biochar wattles at all scuppers on Pier 3 and Hewitt Wharf. Not later than the entry of the consent decree, the Port will provide Soundkeeper with a written analysis explaining the engineering options the Port rejected for collecting and conveying stormwater at Pier 3, certified by an engineer. The Port will regularly inspect the biochar wattles to ensure they remain in place and are maintained appropriately.

j.    Within thirty (30) days of entry of the Consent Decree, the Port will begin

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

sweeping Pier 3 weekly between ship unloading operations and incorporate this best management practice ("BMP") into its SWPPP.

k.  Within forty-five (45) days of entry of the Consent Decree, the Port will incorporate the following additional BMPs for cement offloading operations into its SWPPP and implement on site:

   i.   During ship unloading, the Port, in conjunction with its tenant, will ensure personnel is available to observe for excessive cement escape, and equipment will be available for cleanup.

   ii.  In compliance with terminal and tenant safety regulations, Pier 3 will be swept once per day during ship unloading.

   iii. Following completion of ship unloading, Pier 3 will be swept using a vacuum or regenerative-air sweeper to clean under and around the conveyor system and the Pier. In addition, Pier 3 will be swept with a hand vacuum and/or sweeper as needed, following completion of ship unloading.

   iv.  The Port will require that the cover be maintained over the end of the docksider boom arm when ship unloading is not occurring.

   v.   The Port will develop a guidance sheet for personnel involved in Pier 3 cleaning. The Port will provide related training upon hiring personnel and annually.

l.  Within thirty (30) days of entry of this Consent Decree, the Port will incorporate the following additional BMPs:

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

      i. Welding training will be conducted under cover in the future, and the Port will have welding areas swept after welding.

      ii. The Port will cover or store inside unused or damaged equipment with exposed fuels, lubricants, or surface grease, or that have structural integrity issues that could allow a leak, and greasy equipment.

      iii. The Port will install lids on all dumpsters.

      iv. The Port will develop and implement a standard operating procedure for wood dunnage debris, which will include hand sweeping the wood cutting area at the end of any day during which wood cutting occurs.

m. Within sixty (60) days of entry of the consent decree, the Port will make the following improvements to its Facility:

      i. The pretreatment media in the modular wetland at Outfall 002 will be replaced.

      ii. The Port will remove the piled asphalt near Discharge Point 015.

n. Within six (6) months of entry of the consent decree, the Port will make the following improvements to the Facility:

      i. The Port will replace the gaskets on the shrouds, doors, and transfer points on the Pier 3 cement conveyor system as needed. The undercarriage pans below the conveyor will be assessed for leakage and replaced, where necessary.

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

ii. The Port will install grattix style treatment for stormwater from the Maintenance Building roof.

iii. The Port will replace, coat, or otherwise cover the galvanized shrouds on the cement conveyor system on Pier 3 that are exposed to stormwater.

iv. The Port will evaluate and install catch basin filter inserts in all of the catch basins which drain to Outfall 007, including the catch basins that receive stormwater from the Rail Loadout Building.

v. The Port will divert discharges from the northwest corner of the Maintenance Equipment Yard back into the Facility by creating a permanent barrier.

vi. The Port will make the treatment system in the North Yard permanent.

o. Within thirty (30) days of entry of this Consent Decree, the Port will revise its SWPPP with assistance of a qualified consultant as follows:

i. The SWPPP will be updated to include the additional BMPs agreed upon in this Consent Decree.

ii. The site map will be updated to add the locations of any catch basins which do not already appear on the site map.

iii. The site map will be updated to show the locations of all structural source control BMPs, including: internal grading of fueling station pad and internal grading of wash pads.

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

    iv. The SWPPP will include a log of dates of employee training.

    v. The SWPPP will include all inspection reports as required by the ISGP.

8. Immediately upon entry of this Consent Decree, and for the life of the Consent Decree, the Port will be subject to a stipulated payment in lieu of penalty of $2,000 (two thousand dollars) to the Ocean Research College Academy at Everett Community College ("ORCA") for any TSS exceedance at any monitoring point, except monitoring point STSO. Beginning on November 1, 2024, the Port will pay to ORCA $2,000 for any TSS exceedance occurring at monitoring point STSO. The Port will notify Soundkeeper of any such exceedance within three business days of receiving the relevant lab analysis, with payment to be made within 30 days thereafter as directed in paragraph 9(a) of this Consent Decree. ORCA may only use these funds for projects or educational programs that benefit water quality in Possession Sound, Port Gardner Bay, or the Snohomish River Estuary.

9. Payment in Lieu of Penalty: Within thirty (30) days of entry of this Consent Decree, the Port will pay $500,000 (FIVE HUNDRED THOUSAND DOLLARS) to be distributed as follows to the specified recipients for use solely for projects that benefit water quality in Possession Sound, Port Gardner Bay, or the Snohomish River Estuary, as described in Exhibit 1 and Exhibit 2 to this Consent Decree.

  a. $50,000 (FIFTY THOUSAND DOLLARS) will be made payable to ORCA. The check or ACH payment will be made to the order of the Everett Community Foundation, listing "ORCA" in the note, and delivered to: John Olson, Everett Community College Foundation, 2000 Tower Street, Everett, WA 98201. Payment will

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
11

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. Port of Everett, W.D. Wash. No. 2:22-cv-00745-JCC."

        b.        $450,000 (FOUR HUNDRED AND FIFTY THOUSAND DOLLARS) will be made payable to Snohomish County. The check or ACH payment will be made to the order of Snohomish County and delivered by check made payable to: Snohomish County, Parks & Recreation, 3000 Rockefeller Ave, Everett, WA 98201. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. Port of Everett, W.D. Wash. No. 2:22-cv-00745-JCC."

        c.        Simultaneously, the Port will send a copy of each of the checks or ACH remittance confirmations and cover letters, if any, to Soundkeeper and its counsel, pursuant to the notice provisions in paragraph 20.

10.     Additional Contingent Payment in Lieu of Penalty: Within thirty (30) days of entry of this Consent Decree, the Port will deposit $150,000 (ONE HUNDRED AND FIFTY THOUSAND DOLLARS) into a competitive interest-bearing escrow account. If the Port triggers a Level 3 Corrective Action under the ISGP during the term of the Consent Decree, the Port will transfer all funds in escrow to ORCA within two (2) weeks. If the Port does not trigger a Level 3 Corrective Action under the ISGP during the life of the Consent Decree, $150,000 of the escrow funds will be transferred back to the Port and all accrued interest above $150,000 will be transferred to ORCA upon termination of the consent decree.

11.     Within thirty (30) days of entry of this Consent Decree by the Court, the Port will pay $138,000 (ONE HUNDRED AND THIRTY-EIGHT THOUSAND DOLLARS) to Soundkeeper to cover Soundkeeper's litigation fees, expenses, and costs (including reasonable

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
12

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Marc Zemel. This figure does not include the $5,000 payment under paragraph 7(h)(i) of this Consent Decree.

12. A force majeure event is any event outside the reasonable control of the Port that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that the Port timely notifies Soundkeeper of the event, the steps that the Port will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

13. The Port will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after the Port becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which the Port has no or limited control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
13

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

  f. Strikes;

  g. Any permit or other approval sought by the Port from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where the Port has timely and in good faith sought the permit or approval;

  h. Litigation, arbitration, or mediation that causes delay;

  i. Epidemics and pandemics, including but not limited to, COVID-19 related delays;

  j. Supply chain issues and delays.

14. This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
14

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

the terms and conditions of this Consent Decree.

15. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

16. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates three (3) years after that date.

17. Both Parties have participated in drafting this Consent Decree.

18. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

20. Notifications required by this Consent Decree must be in writing. The sending Party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving Party at the one or more

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
15

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Puget Soundkeeper Alliance**:

Emily Gonzalez
Puget Soundkeeper Alliance
130 Nickerson Street, Suite 107
Seattle, WA 98109
Email: emily@pugetsoundkeeper.org

**And to**:

Marc Zemel
Alyssa Koepfgen
Smith & Lowney PLLC
2317 East John St.
Seattle, WA 98112
Email: marc@smithandlowney.com
alyssa@smithandlowney.com

**If to the Port of Everett:**

Lisa Lefeber
Jake Kirschner
Port of Everett
1205 Craftsman Way, Suite 200
Everett, WA 98201
Email: lisam@portofeverett.com
jacobk@portofeverett.com

**And to:**

Veronica Keithley
Stoel Rives LLP
600 University, Suite 3600
Seattle, WA 98101
Email: veronica.keithley@stoel.com

Any party identified in the notice provisions above may affect a change in the notice address by

[~~PROPOSED~~] CONSENT DECREE
No. 2:22-cv-00745-JCC
16

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 20th day of November 2023.

_____
HON. JOHN COUGHENOUR
UNITED STATES DISTRICT JUDGE

Presented by:

[PROPOSED] CONSENT DECREE
No. 2:22-cv-00745-JCC
17

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

120812826.2 0073013-00076

1

2  STOEL RIVES LLP                              SMITH & LOWNEY, PLLC

3  By _____                    By _____
   Veronica Keithley, WSBA #52784               Marc Zemel, WSBA #44325
4  Beth Ginsberg, WSBA #18523                   Alyssa Koepfgen, WSBA #46773
   *Attorneys for Defendant Port of Everett*    *Attorneys for Plaintiff Puget Soundkeeper Alliance*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

[~~PROPOSED~~] CONSENT DECREE                          Smith & Lowney, p.l.l.c.
No. 2:22-cv-00745-JCC                                  2317 East John St.
18                                                     Seattle, Washington 98112
                                                       (206) 860-2883

120812826.2 0073013-00076